UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANNY JOE BARBER, III,

                Plaintiff,

    v.

STATE OF WASHINGTON, et al.,

                Defendant.

CASE NO.  3:26-cv-05354-RSL

**REPORT AND RECOMMENDATION**

Plaintiff, a Kitsap County Jail detainee, filed a § 1983 lawsuit alleging Defendants violated his constitutional rights and an application to proceed *in forma pauperis* (IFP). Dkt. 1 and Dkt. 4. As Plaintiff is subject to the three "strikes" rule 28 U.S.C. § 1915(g) and fails to show imminent danger of serious physical injury, the Court recommends **DENYING** Plaintiff's IFP application and **DISMISSING** the case if Plaintiff fails to pay the filing fee within twenty-one days of the District Judge's order.

This case is one in a series of complaints Plaintiff has filed alleging state defendants violated his rights by depriving, losing, or failing to secure his property. *See* 3:26-cv-5155-LK-SKV and 3:26-cv-5176-KKE-TLF. In this case, Plaintiff alleges Defendants seized legal mail regarding the above two § 1983 lawsuits (Dkt. 1 at 5-6) and seeks damages of "6.5 million." *Id.* at 9. Before filing the current series of complaints regarding his property, Plaintiff filed four

REPORT AND RECOMMENDATION - 1

other suits which were dismissed as strikes. Plaintiff is thus barred from proceeding IFP under 28 U.S.C. § 1915(g) which states:

> In no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court's records show Plaintiff has filed 17 prior lawsuits, four of which were dismissed as a "strike." *See Barber v. Bremerton Police Department,* 3:24-cv-05618-BHS (Order dismissing complaint as a "strike"); *Barber v. Thomas*, 3:24-cv-05723-TMC (order stating "[t]his dismissal constitutes a strike."); *Barber v. Bremerton Police Department*, 3:24-cv-05725-RAJ (order stating "[t]he clerk shall count this dismissal as a strike."); *Barber v. Walker*, 3:24-cv-05861-RAJ ((order stating "[t]he clerk shall count this dismissal as a strike.")

Because Plaintiff has four prior "strikes," Plaintiff cannot proceed IFP absent a showing he was "under imminent danger of serious physical injury," when he signed his complaint. *See* 28 U.S.C. § 1915(g).  Plaintiff fails to make this showing. The complaint alleges Defendants deprived Plaintiff of his legal paperwork related to two federal lawsuits he filed in this court and provides no facts showing an imminent danger of serious physical injury. Plaintiff is thus ineligible to proceed IFP and must therefore pay $405.00 ($350.00 filing fee plus $55.00 administrative fee) or face dismissal of the case. *See* 28 U.S.C. § 1915(g).

According, the Court recommends:

1.    **DENYING** Plaintiff's IFP application (Dkt. 4) as barred by 28 U.S.C. § 1915(g).

2.    **ORDERING** Plaintiff to pay the filing fee of $405.00 within 14 days of issuance

REPORT AND RECOMMENDATION - 2

of the order adopting this Report and Recommendation, and if Plaintiff fails to do so, **DISMISSING** the case be dismissed without prejudice.

3.   This Report and Recommendation is not an appealable order. Plaintiff should thus not file a notice of appeal in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

4.   Objections may be filed no later than **May 18, 2026.** The failure to timely object may affect the right to appeal. The clerk shall note the matter for **May 19, 2026** as ready for the District Judge's consideration.

5.   The clerk shall provide Plaintiff a copy of this report.

DATED this 4th day of May, 2026.

_____

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3